## KEATING vs. VAUGHAN, ET AL.

Appeal from Hays county.

*Statutes Construed*—The act of March 24th, 1879, provides in terms that when an assignee refuses to execute a trust, the county judge has power to remove him and appoint another. Resignation of the assignee is tantamount to refusal.

*Same—Deed of Assignment.*—The assignment deed in this case conveyed certain designated property without in terms declaring it all conveyed, save exemptions. The inventory, however, made part of the deed, declared unequivocally that the property named was all of the assignor's estate. HELD, that taken together these papers form a sufficient compliance with section 2 of the act named.

*Same—Reservation In.*—It is immaterial that the assignor did not reserve to himself any surplus arising after the satisfaction of the trust—the statute does that.

*Same—Practice—Surplus Fund.*—Under assignments of this character non-consenting creditors cannot take at all, but may garnishee the assignee for any surplus over, after execution of the trust as to consenting creditors. Where such course is not pursued by non-consenting creditors, under section 16 of the act any surplus would be paid in the district court, to be paid under its decree.

*Same—Evidence.*—The original order of the appointment of the assignee, and his official bond, was sufficient proof of appointment.

*Statutory Assignment not an Insolvent Law.*—An assignment under the act stated is in no wise an insolvent law, but is only designed to protect creditors in the administration of an insolvent's estate.

Affirmed. Stayton, J.